Ray FORAN and Bobby WASHBURN *v.* MOLITOR FORD, Mollie NOWLIN and E. P. MOLITOR

83-14                                        649 S.W.2d 177

Supreme Court of Arkansas
Opinion delivered April 25, 1983

*David Solomon,* for appellants.

*Raymond F. Galloway* of *Raff & Galloway,* for appellees.

DARRELL HICKMAN, Justice. This is an appeal from an award of treble damages to a landowner against a tenant and an adjacent landowner for trespassing, which resulted in a $6,000 judgment plus $500 attorney fees. We find that the trial court erred in trebling the damages pursuant to Ark. Stat. Ann. § 50-105 (Repl. 1971), strike the unauthorized attorney fees, dismiss the judgment against the tenant, but affirm a judgment for $2,000 against the adjacent land-owner.

The Molitor family, the appellees, owns forty acres of land in Phillips County, Arkansas, which has been leased for years to the Washburn family for farming. Less than half of the forty acres can be cultivated since the remaining portion is under water or wet most of the year. A farm road crosses the land and is, and has been, used by the appellant, Ray Foran, the adjacent property owner, to reach his land. It was stipulated by the parties that Foran has a prescriptive easement over the appellees' forty acres.

There was evidence the road was low and had ditches only one or two feet deep at each side that were narrow enough to step across. The road would wash when it rained and was barely passable in winter. It was used solely for Foran's easement. Foran decided to improve the road and told appellant, Bobby Washburn, the Molitors' tenant, that he planned to clean out the ditches and fill the holes in the road. Washburn told Foran that he did not see what harm it would do as long as it did not interfere with cultivation. Foran never discussed his plans with the appellees. Foran also asked Washburn if he could replace some power lines that had once run through the appellees' land. Washburn said that he did ask appellee E. P. Molitor's mother about the line and she consented.

Foran had the power lines replaced, and put them along the road. He dug the ditches along the road in places up to eight feet deep and five to ten feet wide, according to the Molitors. He took the dirt from the ditches and raised the road in places three feet above the surrounding ground. The appellees' complaint was that the changes seriously affected the topographic structure of their land and inhibited drainage. Washburn and Foran testified that the changes were not so extensive. The only witness who testified regarding the amount of damage done, said that it would cost $2,000 to restore the road to its original condition.

The trial court, sitting without a jury, found that Foran exceeded any authority he had by virtue of his prescriptive easement and had trespassed. He resolved in the Molitors' favor the factual dispute about the effect of the road work and the landowners' right to keep their property as it was.

The judge said in summation: "The defendant, Foran, admits that he had no authority from anyone to go in and do such an expensive construction project. That no one gave him permission to do it, and [he] even said — that he probably should have gotten somebody's permission." There is substantial evidence to support the judge's findings in this regard. Although one has a prescriptive easement, and may maintain that easement, that is not a license to make major alterations in the land. *Craig* v. *O'Bryan,* 227 Ark. 681, 301 S.W.2d 18 (1957).

But there is no evidence at all that would justify treble damages under Ark. Stat. Ann. § 50-105. That statute is penal and generally provides that if any person cuts down, destroys or carries away any trees or growing things, or digs up any stone, turf or fruit from another person's land in which he has no interest or right, that person is guilty of trespassing and shall pay treble damages for anything so damaged, destroyed, or carried away. It is our judgment that the damage done in this case is not covered by this penal statute. Foran had a right to repair the road because it is conceded that he had an easement which is an "interest" in the land according to the statute. The only thing done was that the dirt was moved on the property to build a new road, and while that action amounted to trespass because it was excessive under the circumstances according to the trial court's finding of facts, it was not the sort of trespass envisioned by Ark. Stat. Ann. § 50-105. *See Stoner* v. *Houston,* 265 Ark. 928, 582 S.W.2d 28 (1979). Therefore, the court was wrong in entering a judgment for treble damages. But there was evidence which would support the trial court's finding that the land was damaged from the owners' point of view, and the only evidence of the amount of damage done was the testimony by a contractor that the old road could be restored for $2,000. The judgment in that amount is affirmed against Foran.

The court also found that Bobby Washburn was liable for the trespass because as a tenant he was under an obligation to prevent the trespass or notify the landowner that it was happening, and, instead, Washburn stood by and allowed the trespass. There is not a preponderance of

evidence to support that finding. Washburn never used the road and the testimony was that Foran told Washburn he was only going to clean out the ditches and fill the holes in the road. There was an abundance of testimony that the road had been maintained in such a way for years. A tenant's duty to the landowner is to exercise reasonable care to guard against injury to the property. *Kirkpatrick* v. *Reese,* 219 Ark. 124, 240 S.W.2d 1 (1951). There is no evidence to support a finding that Washburn breached his duty to the Molitors. In fact, it might easily be inferred that had the tenant known such an extensive project was contemplated by Foran, he would have told the Molitors, because he did tell them about the change of the power lines. Therefore, the judgment against Washburn is dismissed.

There is no provision for attorneys' fees in a case such as this and without express statutory authority such fees are not permissible. *American Physicians Insurance Co.* v. *Hruska,* 244 Ark. 1176, 428 S.W.2d 622 (1966). Therefore, the judgment is affirmed as modified.

Affirmed as modified.