Gordon L. SULLIVAN *v.* EMPLOYERS EQUITABLE LIFE INSURANCE COMPANY

85-231                                   698 S.W.2d 510

Supreme Court of Arkansas
Opinion delivered November 12, 1985

*Jim O'Hara*, for appellant.

*Davidson, Horne & Hollingsworth, A Professional Association*, for appellee.

DARRELL HICKMAN, Justice. Gordon L. Sullivan was at one time president of Employers Equitable Life Insurance Company. He sued the company on a contract for monthly 5% overwrite commissions due him for developing a marketing program to increase company sales. It was alleged that the contract was orally agreed to by Lester Banfield, the majority stockholder and chairman of the board of directors, and executed at Sullivan's direction by two company officers, Vice-President Dewey Sims, and Secretary Marsha Stewart. The jury returned a verdict for Sullivan for $125,000. The trial court set the verdict aside on the company's motion, finding that the contract was in no way authorized by the board of directors.

On appeal Sullivan argues that both an oral and written contract for the 5% overwrite existed, and that the written contract was authorized by the board of directors. We affirm the trial court, finding that his reasoning is justified by the record.

The case was submitted to the jury specifically on the question of whether the written contract was properly executed. There was no submitted issue of whether there was an oral contract. The pertinent paragraph of the jury instruction reads:

> If you find that Marsha Stewart and Dewey Sims did not have the authority to execute the overwrite contract you are instructed that the contract is not enforceable against Employer's Equitable and there is no contract between Employer's Equitable and Gordon Sullivan.

The trial court stated in its findings of fact:

> The contract was executed on behalf of the company by two of its officers at the direction of the plaintiff. Neither of those two officers contended that they had any authority to so do, beyond direction of the plaintiff who was president of the company. None of the three officers involved had any apparent or expressed authority to execute the contract or agree to the terms found in the undertakings of the 'formal agreement' upon which this suit was brought. The Court is of the opinion that the burden of proof on that issue was on the plaintiff; therefore, the jury's determination was with-

out support in the record.

One of those who undertook to sign the contract on behalf of the company was the secretary and apparently did rely on a provision in the by-laws of the company wherein it was stated that secretary should execute the contract of the company; however, the provision in the by-laws refers to those contracts properly adopted by the company and is not intended as a grant of authority to the secretary to negotiate or otherwise strike an agreement for the company. Her signature on 'this' agreement at the oral direction of Mr. Sullivan was not a corporate act.

It is contended now that the Board Chairman who initially agreed to see that the contract was struck did have the authority by reason of his dominate position with the company; however, that issue was not the issue in dispute and was not submitted to the jury.

Finally, the second signature to the contract was secured by Mr. Sullivan and with no real contention that somehow the corporate authority was invoked.

The Court must therefore agree that the judgment should be set aside and the matter dismissed on the premise, the proof submitted by the plaintiff failed to prove the agreement which was the subject of this litigation . . . .

While a general instruction was given by the court stating the jury had to find a valid agreement existed in order to find for the appellant, the above quoted paragraph of the instruction focused the jury on the specific finding that must be made for the appellant to recover: whether the officers were authorized by the board of directors to execute the contract.

■■ The law governing a judgment notwithstanding a verdict permits a trial court to enter such a judgment only if there is no substantial evidence to support the jury verdict. *Crail v. Northwestern National Insurance Co.*, 282 Ark. 175, 666 S.W.2d 706 (1984). On appeal we review the evidence with all reasonable inferences deducible therefrom in favor of the party obtaining the original judgment which was set aside. *Crail v. Northwestern National Insurance Co., supra.*

■ According to the trial court's findings, and that finding is supported by the record, there is no evidence that the execution of the contract by the two officers was authorized by the board. Neither is there any evidence that the board approved the contract. Therefore, the contract did not bind the company and the trial court was correct.

Affirmed.

PURTLE, J., not participating.