David HIGGINS and John JUSTIS, Jr. *v.* Winston HINES

86-71                                        711 S.W.2d 783

Supreme Court of Arkansas
Opinion delivered June 23, 1986

*Murphy & Carlisle*, by: *Marshall N. Carlisle*, for appellants.

*Gary L. Carson, P.A.*, by: *Gary L. Carson*, for appellee.

JOHN I. PURTLE, Justice. In May 1983, the appellants and appellee entered into an oral agreement for the purpose of establishing a nightclub, the Zanzibar, in Fayetteville, Arkansas. Pursuant to the agreement the parties formed a corporation named D.J.W., Inc. and each of the three parties were issued ten (10) shares of stock in the corporation. This agreement also provided that the appellee would be the manager of the bar and when the club opened its doors to the public in October 1983, the appellee was the manager.

In order to start the Zanzibar, the appellants contributed bar equipment and supplies from an existing bar which was closing and the appellee contributed $15,000.00 and executed a note for an additional $10,000.00. The note was to be paid to the corporation within three (3) years. On October 4, 1983, the appellee contributed an additional $2,500.00 to the corporation. The remaining $7,000.00 due on the note was paid on January 20, 1984. That same evening the appellants terminated the appellee as the manager of the club. At trial one of the appellants stated that the reason for termination was theft of corporate funds and the other alleged mismanagement. Since his termination the appellee has not been furnished any information about the operation of the corporation nor has he been allowed to participate in any functions of the club or the corporation.

On August 14, 1984, the appellee filed a complaint against the appellants alleging that they had perpetrated a fraud upon him by falsely representing that he would be the manager of the new club. He sought recovery of the $27,500.00 that he had invested in the corporation, compensatory damages, liquidation of the corporation, and punitive damages. Upon trial a jury awarded appellee Thirty Four Thousand dollars ($34,000.00).

On appeal appellants argue that the trial court erred in failing to direct a verdict for the defendants at the close of the plaintiff's case and in failing to grant the motion for a directed

verdict at the close of the trial.

■  The first point gives us no concern. By going forward with proof after the motion for a directed verdict was denied, any error in denying the motion was waived. *Kansas City Southern Industries, Inc.* v. *Stevenson*, 266 Ark. 544, 587 S.W.2d 12 (1979); *Granite Mountain Rest Home* v. *Schwarz*, 236 Ark. 46, 364 S.W.2d 306 (1963); *Grooms* v. *Neff Harness Co.*, 79 Ark. 401, 96 S.W. 135 (1906). Also, in *Sanson* v. *Pullum*, 273 Ark. 325, 619 S.W.2d 641 (1981), we held that adoption of ARCP, Rule 50(a) did not change the settled rule that by going forward with proof waives any error in the trial court's failure to direct a verdict at the close of the plaintiff's case.

■■  The second point argued is that the court erred in failing to grant the motion for a directed verdict at the close of all the evidence. The standard of review on this issue is whether there was any substantial evidence which would support a verdict. In determining the propriety of a failure to direct a verdict for the defendant, we view the evidence in the light most favorable to the plaintiff. If there is any evidence legally sufficient to warrant a verdict, it is proper for the trial court to deny the motion for a directed verdict. *Downey* v. *Jones Mechanical Contractor*, 273 Ark. 207, 619 S.W.2d 614 (1981); *Barrentine* v. *The Henry Wrape Co.*, 120 Ark. 206, 179 S.W. 328 (1915).

■  There are five elements which constitute the tort of deceit according to Prosser, *Law of Torts*, p. 685 (4th Ed. 1971). They are as follows:

1.  A false representation made by defendant. In the ordinary case this representation must be one of fact.

2.  Knowledge or belief on the part of the defendant that the representation is false—or, what is regarded as equivalent, that he has not a sufficient basis of information to make it.

3.  An intention to induce the plaintiff to act or refrain from action in reliance upon the misrepresentation.

4.  Justifiable reliances upon the representation on the part of the plaintiff in taking action or refraining from it.

5.   Damages to plaintiff, resulting from reliance.

The appellee submitted the following evidence: (1) that he was promised he would be an equal partner in the corporation and manager of the club; (2) that he would have three (3) years in which to pay the $10,000.00 note; (3) that except for $2,500.00, he contributed all the cash that was put into the corporation; (4) that he was never treated as an equal partner in the corporation; (5) that he was "talked into" paying the $7,000.00 to the corporation on January 20, 1984; (6) that he was terminated later on the same date; (7) that he relied upon the false representations made by the appellants that he would remain manager; (8) that he suffered damages as a result of his detrimental reliance upon said representations and (9) that the appellee devoted several months work to the club without receiving any compensation for his time and investment.

We find that there was substantial evidence to support the jury's verdict and that the trial court did not err in denying the appellants' motion for a directed verdict at the conclusion of all the evidence.

Affirmed.