SUNLAND ENTERPRISES, INC., et al. *v.* Thomas E. McGUCKIN, et al.

87-359                                              749 S.W.2d 304

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*Vaughan & Bamburg*, by: *Keith Vaughan*, for appellant.

*William C. Frye*, for appellee.

DARRELL HICKMAN, Justice. This is an appeal of a trespass case tried to a jury. The appellees sued Bob Tasler and Sunland Enterprises, Inc., for trespass for digging a ditch across his residential lot, damaging the land and trees. The appellees bought this lot from Sunland, which is a company owned by Tasler and his wife. The jury returned a verdict for the appellees for almost $5,000. We affirm.

On appeal, five issues are raised; all are meritless.

■■ The motion for a directed verdict filed by the appellants was properly denied. The argument is made that the proper measure of damages is either the value of the damaged timber or the difference between the market value of the land before and after the trespass. The record reflects that the appellants made no such argument at trial. Further, there was sufficient evidence of damages to support the verdict in the testimony of a landscaper, who viewed the premises and gave his opinion that the damages were $4,935. *See Foran* v. *Ford*, 279 Ark. 121, 649 S.W.2d 177 (1983).

The appellants filed a flurry of post trial motions: a motion for judgment n.o.v., a motion for a new trial, and a motion to reduce the judgment. The appellants have failed to demonstrate that the trial court was wrong in denying the motions.

■ No objection was made during the trial to submitting the issue of Bob Tasler's individual liability to the jury. There was substantial evidence that the appellants committed the trespass. Furthermore, as already stated, there was sufficient evidence of damages to support the jury's verdict. A trial court may grant a judgment n.o.v. only if there is no substantial evidence to support the verdict. *Sullivan* v. *Employers Equitable Life Ins. Co.*, 287 Ark. 310, 698 S.W.2d 510 (1985). Thus, the trial court did not abuse its discretion in refusing to set aside the verdict.

■ We find no basis for overruling the court's denial of a new trial on any of the five grounds asserted by appellants. The granting of a new trial is left to the sound discretion of the trial court and its decision will not be reversed unless there is an abuse

of that discretion. *Smith* v. *Villarreal*, 253 Ark. 482, 486 S.W.2d 671 (1972). We have no basis for finding that the trial court abused its discretion or committed error in this regard.

The appellants have failed to demonstrate any reason or cite any authority for overruling the judge's denial of the motion to reduce the judgment. *See Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 605 (1977).

■ Finally, appellants argue that the trial court erred in not giving a proper instruction to the jury on the measure of damages. We find that no objection was made to the instruction given, nor was a proper instruction offered by appellants, so any argument on appeal is pointless. ARCP Rule 51.

In summary, the jury found against the appellants, and the trial was fair and free of error.

Affirmed.

PURTLE, J., not participating.