I.B. ARNOLD and Ruth Arnold, Husband and Wife
*v.* Mark LEE

88-78                                                    756 S.W.2d 904

Supreme Court of Arkansas
Opinion delivered September 26, 1988

*William A. Storey*, for appellant.

*Estes, Estes & Gramling*, by: *Peter G. Estes, Jr.*, for appellee.

JOHN I. PURTLE, Justice. A jury verdict, in the sum of $6,508.00, was trebled by the trial court pursuant to the treble damages provision of Ark. Code Ann. § 18-60-102 (1987), involving trespass to property. The appellants argue on appeal: (1) that there is insufficient evidence to sustain the finding that they were trespassers; (2) that there is insufficient evidence to support the damages awarded by the jury; and (3) that, as a matter of law, it was error for the trial judge to treble the damages under the circumstances of this case. We do not agree with the appellant on any of these arguments and therefore affirm the judgment.

At the time the incident in question occurred, the appellants and appellee were neighbors in a rural area in Washington County, Arkansas. These parties used a road which ran along the east side of the appellee's property and into the southeast corner of the appellants' property. Other property owners, and presumably the public, also used this road when they wished to travel in the area.

The appellants decided to improve the road and trim the brush along the right-of-way in order to make travel more convenient. The matter was discussed between appellants and appellee and it was agreed that the trees and bushes along the

road could be pruned and trimmed. The appellants employed a bulldozer operator who leveled not just the road but also a row of trees along the east boundary of the appellee's property near the road. In the process of widening and leveling the road, the embankment on the eastern boundary of appellee's property was also leveled and all of the trees, except one, were destroyed. Approximately a hundred small trees and much undergrowth, as well as an old fence, were eliminated by the project. The primary allegation of damages was for the loss of the privacy provided by the foliage. Additionally, the appellee sought damages for destruction of the trees and brush, erosion of his land and inconvenience caused by the project.

It is undisputed that the discussion between the appellants and the appellee related to "pruning and trimming" along the right-of-way as well as leveling the road itself. The first day the bulldozer operator was in the area he completed the appellants' driveway. He was instructed to come back the next day and work on the road. He was told to prune the brush and grade the embankment along the eastern edge of the appellee's property. At this point the bulldozer operator informed one of the appellants that he could not perform the task because of the four-foot embankment upon which the trees and fence were located. The operator suggested that the appellee's permission should be obtained before starting this work. The next day the operator explained to Mrs. Arnold that he would have to level the bank, the trees, the undergrowth, the fence row and all in order to accomplish the appellants' objective. After being so informed, Mrs. Arnold said, "Do it." He did.

There was never any assertion that the appellants had any interest in the appellee's land outside of the roadway itself. Likewise, it is undisputed that the operator bulldozed about twenty-five feet onto the appellee's land for a distance of some two or three hundred feet. Although the appellee had agreed to the work on the road and even had promised to pay for part or all of the gravel used, the removal of the appellee's "privacy fence" (the small trees and brush along the embankment) was never discussed.

During the trial the appellee testified that he had incurred out-of-pocket expenditures of $1,908.00 in making repairs and

restoring his property. Appellee also presented the testimony of an expert witness that it would cost an additional $4,600.00 to completely restore the property to the condition it was in before the road was "repaired." There was some testimony concerning the value of the appellee's property before and after the work was accomplished, but it is clear that the jury did not use this testimony as the basis for the award of damages.

The applicable law is Ark. Code Ann. § 18-60-102(a) (1987), which in part provides:

> If any person shall cut down, injure, destroy, or carry away any tree placed or growing for use or shade . . . on the land of another person; shall dig up, quarry or carry away any stone, ground, clay, turf, mold, fruit, or plants; . . . the person so trespassing shall pay the party injured treble the value of the thing so damaged, broken, destroyed, or carried away, with costs.

There is clearly substantial evidence that the appellants, or their agent, entered upon the appellee's land and destroyed growing trees and underbrush. It is equally clear that the appellants knew the bulldozer operator was going to enter upon the appellee's land and take out the row of trees and the old fence. Although the appellants and the appellee had indeed discussed the road work and the "pruning" of the growth along the road, there was never any discussion concerning entry onto the appellee's property. The work that had been discussed could have been accomplished from the existing roadway without such a major alteration of the landscape.

The appellants argue that they had appellee's "implied consent" to enter upon his lands and accomplish the work on the road. This issue was submitted to the jury by instruction number 11 and was decided against the appellants. The instruction was given without objection. It provided that if the jury found, from a preponderance of the evidence, that the appellants committed the trespass complained of, the verdict should be in favor of the plaintiff. The verdict was by interrogatory and the jury unanimously found that the appellants had committed a trespass. The jury answered "yes" to the following interrogatory:

*INTERROGATORY NO. 3*: Do you find that the dam-

ages were done by the Arnolds or their agent intentionally and without probable cause for belief that the Arnolds owned the trees and land so damaged?

The trial court also instructed the jury in instruction 11 as to the procedure to be used in assessing appellee's damages. Without objection the jury was instructed as follows:

You may consider the reasonable expenses of necessary repair to any property which was damaged, taking into consideration its usable value during the time that plaintiff was deprived of its use, and the difference in the value of the land with the trees and ground undisturbed and the value of the land with the trees and ground removed as complained of, the purpose for which the owner intended to use the trees and ground and their reasonable value to him for such purposes, if any have been shown by the testimony.

The jury returned a verdict in favor of the appellee in the amount of $6,508.00. The court trebled this figure in accordance with the provisions of the code.

The appellant, for the first time, now argues that the trial court erred in giving instruction number 11 to the jury. This court has stated many times that we will not consider arguments presented for the first time on appeal. *Harrod* v. *State*, 286 Ark. 277, 691 S.W.2d 172 (1985).

Both parties rely on *Stoner* v. *Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979). This decision does indeed contain support for both arguments. *Stoner* held that "the good faith argument by Ms. Stoner was a question of fact for the jury." The opinion approved the giving of an instruction defining malice as "the intentional doing of a wrongful act without justification or excuse." The opinion also stated that, in a proper case, either the jury or the court could treble the damages, but that it was preferable for the court to do so. We reversed because *both* the trial court and the jury trebled the compensatory damages suffered by the complaining party.

Both parties also cite *Foran* v. *Molitor Ford*, 279 Ark. 121, 649 S.W.2d 177 (1983). Again, we find support for both parties in that opinion. However, we held in *Foran* that the alleged tortfeasor had an "interest and right" to be upon the land. *Foran*

also involved the repair and "improvement" of a rural road. It differs from the present case in that the appellants here did not assert an interest in or right to be upon the property of the appellee.

After reviewing the evidence presented to the jury, we are of the opinion that there is substantial evidence to support the award of compensatory damages in the amount of $6,508.00. Moreover, we hold that the trial court properly trebled the damages awarded by the jury. Finding no prejudicial error, the case will be affirmed.

Affirmed.