C.J. SHAMLIN *v.* Linda SHUFFIELD and Leon Garot

90-34                                            787 S.W.2d 687

Supreme Court of Arkansas
Opinion delivered April 23, 1990

*Josh E. McHughes*, for appellant.

*Huckaby, Munson, Rowlett, and Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellee.

DALE PRICE, Justice. The appellee, Linda Shuffield, is the owner of 10 acres of land on Peters Road in Northern Pulaski County. She filed a complaint against the appellant, C. J. Shamlin, alleging that he had impermissibly entered her land, cut timber, and damaged her property. Shamlin answered with a general denial, then filed a third-party complaint against the appellee, Leon Garot. Garot was the owner of certain land adjacent to Miss Shuffield's. In his complaint, Shamlin claimed he had contracted with Garot to cut timber from Garot's property and in fact did enter the property and cut trees. He asked that he

be given judgment over against Garot if it was determined that the trees did not belong to Garot.

The case was tried to the judge and Miss Shuffield was awarded $9,986 in actual damages, which were trebled to $29,958. The appellant argues six points for reversal, all of which we find meritless.

Two issues concern evidentiary matters. First, the appellant claims that part of Miss Shuffield's testimony was hearsay. Miss Shuffield was asked what action she took once she discovered her property had been damaged. She then testified:

> Miss Shuffield: I knew I had to find out who did it so I just started doing some investigative work. Found out from Mrs. King . . .
>
> (appellant's attorney objects)
>
> Appellees' counsel: Without telling us what anyone else said, tell us what you did.
>
> Miss Shuffield: I did some investigative work, talked to some people and found out the . . .
>
> (appellant's attorney objects)

It is clear that Miss Shuffield stopped short of testifying as to what someone else told her. Since no objectionable matter was placed into evidence, there was no error. *See Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988).

The appellant contends next that the court violated the "best evidence" rule, A.R.E. Rule 1002, by allowing Miss Shuffield to testify as to what she heard the appellant say during his deposition:

> Counsel: I think you were present in the conference room when [the appellant's] deposition was given, weren't you?
>
> Miss Shuffield: Right, but we did not speak.
>
> Counsel: Did you hear him admit at that time that he did cut the timber off your property?
>
> Miss Shuffield: [W]e were sitting there talking about the same piece of property and he was talking about certain

trees and he called it a slough off a property, and that's not what it was. But I understood him to say, yes, he did.

■■ It is not at all clear that Miss Shuffield was attempting to prove what the appellant said in his deposition. It appears she may have been merely relating a statement the appellant made in conversation. If that is the case, Rule 1002 was not violated since there was no attempt to prove the content of a writing or recording. Second, even if the rule was violated, the appellant was not prejudiced. He himself testified later in the trial that he had cut some timber on property on Peters Road and didn't actually know whose property he was cutting on. An evidentiary error is harmless if the same or similar evidence is otherwise introduced at the trial. *Thompson* v. *AAA Lumber Co.*, 245 Ark. 518, 432 S.W.2d 873 (1968).

The next allegation of error is the court's failure to dismiss the case at the close of the plaintiff's evidence. *See* ARCP Rule 50(a). The appellant argues that the plaintiff did not make a *prima facie* case because, although she proved that someone had entered her land, cut timber, and damaged her property, she offered no evidence that the appellant was the guilty party.

The case against the appellant was largely circumstantial. The only testimony connecting him to the timber cutting was the testimony of Leon Garot. Mr. Garot testified that in September of 1987 and again shortly thereafter, he was telephoned by the appellant, who was seeking to cut timber. No permission was given for any cutting. When Miss Shuffield visited her adjacent land in late 1987, she found that her trees had been cut.

■ The appellant cannot prevail on this issue. After his motion to dismiss was denied, the appellant went forward with his proof. His own testimony revealed that he was the one who cut the timber in question, even though he did not know for certain to whom the property belonged. If, after the denial of a request for a directed verdict, or in this case, a dismissal, a defendant introduces evidence which, together with that introduced by the plaintiff, is legally sufficient to sustain a verdict, he waives his claim of error by the court in refusing to direct a verdict, or dismiss, at the close of the plaintiff's case. *Higgins* v. *Hines*, 289 Ark. 281, 711 S.W.2d 783 (1986); *Kansas City Southern Industries, Inc.* v. *Stewman*, 266 Ark. 544, 587 S.W.2d 12

(1979).

■ The remaining issues concern the trial court's assessment of damages. The appellant claims the trial court erred in assessing treble damages against him when it was not shown that he acted intentionally or maliciously in cutting the timber. He also claims that Miss Shuffield owned only an undivided one-half interest in the land (she had bought out her former co-owner) and therefore should not have received the total amount of damages. Neither of these arguments was made below. We have said many times that we will not consider an argument made for the first time on appeal. *Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1989).

■ We now consider appellant's other arguments concerning damages. First, he claims it was not proper to award Miss Shuffield damages to restore her property to its former condition. Of the $9,986 in actual damages awarded, $8,000 was to pay for the restoration of the land, including removal of stumps and debris, and soil repair. We have said that this is a recoverable element of damages for temporary damage done to property. *See Arnold* v. *Lee*, 296 Ark. 339, 756 S.W.2d 904 (1988); *Benton Gravel Co.* v. *Wright*, 206 Ark. 930, 175 S.W.2d 208 (1943).

■ Second, the appellant claims the entire damage award should not have been trebled, but only that portion representing damage to the trees ($1,986). *See* Ark. Code Ann. § 18-60-102(a) (1987). In *Arnold* v. *Lee, supra*, we held that an award of damages, which included restoration costs, was properly trebled under the statute.

We find no error in the court's findings on either liability or damages.

Affirmed.