Kemal KUTAIT and George Catsavis d/b/a K & C
Properties *v.* James L. O'ROARK

91-117                                                809 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered May 28, 1991
[Rehearing denied June 24, 1991.]

*Gean, Gean & Gean*, by: *Roy Gean III*, for appellants.

*Frank W. Booth*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves an award of costs and damages, in the amount of $25,043.25, to the appellee, James O'Roark, as a result of the trespass upon his land and removal of shale, rock, and ground from his property by the appellants, Kemal Kutait and George Catsavis d/b/a K & C Properties (K & C).

On appeal, K & C contends that the trial court erred in allowing Mr. O'Roark to introduce evidence of damage beyond the difference of the fair market value of the land immediately before and immediately after the alleged trespass. Mr. O'Roark cross-appeals on two points of error: 1) that the trial court erred in denying his post-trial motion for prejudgment interest, and 2) that the trial court erred in denying his post-trial motion for treble damages. None of the parties' claims has merit, and we affirm.

The underlying facts, as represented by Mr. O'Roark, show that K & C's trespass occurred during the summer and fall of

1985 and that, over the course of several weeks, K & C impermissibly removed several thousand yards of shale, rock, and ground from Mr. O'Roark's property to nearby roadbeds and property owned by K & C. On October 28, 1988, Mr. O'Roark filed his complaint for damages, and, after a jury trial on December 8, 1989, the trial court entered judgment in favor of Mr. O'Roark in the amount of $25,000 for damages and $43.25 for costs.

K & C asserts that the trial court erred in allowing Mr. O'Roark to introduce evidence of damage beyond the difference of the fair market value of the land immediately before and immediately after the alleged trespass. K & C is referring to the trial court's allowance of testimony relating to the cost of restoring Mr. O'Roark's property. However, its reliance on two cases, *Southern Ice & Utilities Co.* v. *Bryan*, 187 Ark. 186, 58 S.W.2d 920 (1933), and *St. Louis, I.M. & S. Ry. Co.* v. *Magness*, 93 Ark. 46, 123 S.W. 786 (1909), as its basis for the fair market value differentiation measure of damages is misplaced because those cases reflect the measure of damages to be used with regard to *permanent* damage to real property rather than the measure of damages utilized in cases of *temporary* damage to real property.

In this case, the excavation damage inflicted by K & C upon Mr. O'Roark's property is capable of repair, and we have held that restoration costs are a recoverable element of damages for temporary damage done to property. *Shamlin* v. *Shuffield*, 302 Ark. 164, 787 S.W.2d 687 (1990) (citing *Arnold* v. *Lee*, 296 Ark. 339, 756 S.W.2d 904 (1988), and *Benton Gravel Co.* v. *Wright*, 206 Ark. 930, 175 S.W.2d 208 (1943)).

On cross-appeal, Mr. O'Roark contends that the trial court erred in denying his post-trial motion for prejudgment interest. Although he recognizes that the test for awarding prejudgment interest is whether a method exists for fixing the exact value on the cause of action at the time of the occurrence of the event that gives rise to the cause of action, *City of Fayetteville* v. *Stanberry*, 305 Ark. 210, 807 S.W.2d 26 (1991), Mr. O'Roark fails to comply with the test.

Our cases have stressed the requirement of certainty as to time and amount, *see Berkely Pump Co.* v. *Reed-Joseph Land Co.*, 279 Ark. 384, 653 S.W.2d 128 (1983); *Brown* v. *Summerlin*

*Assoc., Inc.,* 272 Ark. 298, 614 S.W.2d 227 (1981); *Wooten* v. *McClendon,* 272 Ark. 61, 612 S.W.2d 105 (1981); and *Taylor* v. *Jones,* 495 F. Supp. 1285 (E.D. Ark. 1980), on the basis that:

> Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. This interest must be allowed for any injury where, at the time of loss, damages are immediately ascertainable with reasonable certainty.

*Wooten* v. *McClendon, supra.*

■ Here, in his amended complaint, Mr. O'Roark claims that "[t]he trespass herein occurred during the summer and fall of 1985. Over the course of several weeks during said period of time the defendants removed . . . several thousand yards of shale, rock, and ground from plaintiff's property . . . ." While we have permitted prejudgment interest where the amount of damages was ascertainable from the date of the filing of the suit based upon production records entered into evidence, *see Killam* v. *Texas Oil and Gas Corp.,* 303 Ark. 547, 798 S.W.2d 419 (1990), and termination of a contract, *see Advance Const. Co.* v. *Delta Asph. & Conc.,* 263 Ark. 232, 563 S.W.2d 888 (1978), we decline to use the date of the filing of the complaint in this case as the date upon which prejudgment interest should be calculated. Mr. O'Roark's vague assertions, although certainly capable of more accurate detailings, fail to comply with the requirement of certainty of time and amount.

Mr. O'Roark also argues that the trial court erred in denying his post-trial motion for treble damages. Ark. Code Ann. § 18-60-102(a) (1987) addresses the injuring, destroying, or carrying away of the property of another and provides in pertinent part that "[i]f any person . . . shall dig up, quarry, or carry away any stone, ground, clay . . . in which he has no interest or right . . . the person so trespassing shall pay the party injured treble the value of the thing so . . . carried away, with costs."

■ Arkansas Code Ann. § 16-56-108 (1987) addresses the recovery of statutory penalties and provides that "[a]ll actions on penal statutes where the penalty, or any part thereof, goes to the state, or to any county or person suing for the same, shall be commenced within two (2) years after the offense has been

committed or the cause of action has accrued."

K & C trespassed upon Mr. O'Roark's property during the summer and fall of 1985, and Mr. O'Roark filed his complaint on October 28, 1988, nearly three years later. We recognized in *Foran* v. *Ford*, 279 Ark. 121, 649 S.W.2d 177 (1983), that Ark. Stat. Ann. § 50-105 (Repl. 1971) (currently section 18-60-102) is penal in nature. Consequently, section 16-56-108 applied to Mr. O'Roark's claim for treble damages, and the trial court did not err in precluding Mr. O'Roark from recovering treble damages because the two-year limitation had expired.

Affirmed.