TRANS UNION CORPORATION *v.* Harold CRISP

CA 93-1167                                          896 S.W.2d 446

Court of Appeals of Arkansas
Division II
Opinion delivered April 12, 1995

*Richard T. Donovan*, for appellant.

*Daggett, Van Dover & Donovan*, by: *Joe R. Perry*, for appellee.

JOHN B. ROBBINS, Judge. Appellee, Harold Crisp, filed suit against appellant, Trans Union Corporation, a credit reporting agency, under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681—1681t (1988), contending that appellant reported incorrect information and failed to correct the information after being advised of the mistake. The incorrect information consisted of a bankruptcy and a state and federal tax lien, which appellant failed to show had been satisfied. In his complaint, appellee alleged that appellant negligently and willfully failed to follow reasonable procedures to assure the accuracy of the report, to disclose the source of the information in appellee's credit file, and to promptly delete information found upon investigation to be inaccurate. After a jury trial on the merits, appellee was awarded $15,000.00 in compensatory damages, $25,000.00 in punitive damages, and attorney's fees. We affirm.

On appeal, appellant raises four points: (1) that its inclusion of two tax liens on appellee's credit report did not violate the Fair Credit Reporting Act because the information was accurate, any inaccuracy was not the result of failure to follow reasonable procedures, and the inclusion of the tax liens did not proximately cause appellee any damages; (2) that appellant is not liable for the inclusion of the erroneous bankruptcy entry because it was not a result of appellant's failure to follow reasonable procedures and did not cause appellee to be denied credit;

(3) that appellant did not violate the Fair Credit Reporting Act's requirements of re-investigation and disclosure; and (4) that appellant did not willfully violate the Fair Credit Reporting Act and, therefore, appellee is not entitled to punitive damages.[1]

Appellant's first point concerns, in part, the trial court's denial of a summary judgment and directed verdict on issues concerning appellant's inclusion of two tax liens on appellee's credit report. Although a tax lien by the Internal Revenue Service and one by the State of Arkansas had been filed against appellee, these liens had been satisfied at the time appellant issued appellee's credit report. Notwithstanding this fact, the credit report reflected these liens without showing they had been satisfied. In his complaint and at trial, appellee contended that the inclusion of this information on his credit report without also showing the satisfaction of the liens violated the Fair Credit Reporting Act because this inaccuracy resulted from appellant's failure to follow reasonable procedures designed to assure maximum accuracy of its reports.

■ Appellant maintained that its reporting of the tax liens was accurate and moved for summary judgment, seeking dismissal of appellee's claims insofar as they related to the tax liens. However, it does not appear from appellant's abstract or the record that this motion was ever ruled on by the trial court. A summary judgment movant is precluded from raising on appeal the issue of whether the trial court erred in its denial of his motion for summary judgment where the movant failed to secure a ruling on his motion. *Kulbeth* v. *Purdom*, 305 Ark. 19, 21, 805 S.W.2d 622 (1991). Therefore, we need not address the appellant's argument on this point.

■ Appellant also contends that the trial court erred in refusing to enter a directed verdict on this issue. At the conclusion of appellee's case, appellant moved for a directed verdict, contending that the federal and state liens were accurate. The trial court, however, denied appellant's motion, and appellant

---

[1] We certified this appeal to the Arkansas Supreme Court pursuant to Ark. Sup. Ct. R 1-2(d) on our belief that this case presented a question about the law of torts and, therefore, was excepted from our jurisdiction. Ark. Sup. Ct. R. 1-2(a)(16). The supreme court declined to accept the case and remanded it for our decision.

then presented its case. By going forward with proof after its motion for directed verdict was denied, the appellant waived its right to allege any error regarding the trial court's failure to direct a verdict. *See Higgins* v. *Hines*, 289 Ark. 281, 283, 711 S.W.2d 783 (1986). Because the motion for a directed verdict on this issue was not renewed at the close of the appellant's case, it was not preserved for our review. *Id.*

The remainder of appellant's arguments on his first, second, and third points concern sufficiency of the evidence. Appellant contends that appellee failed to prove that appellant failed to follow reasonable procedures designed to assure maximum possible accuracy; that appellee failed to prove that the inclusion of the tax liens on appellee's credit report resulted in a denial of credit; that appellee introduced no evidence to show that the erroneous bankruptcy entry resulted from appellant's failure to follow reasonable procedures; that appellee failed to show the erroneous bankruptcy entry caused him to be denied credit; and that appellee failed to show that appellant violated the Fair Credit Reporting Act's reinvestigation requirement. These points are all challenges to the sufficiency of the evidence, and because appellant failed to renew its motion for directed verdict at the conclusion of trial, it has waived these points on appeal. It has consistently been held that a motion for directed verdict must be made or renewed at the conclusion of all the evidence; otherwise, questions about the sufficiency of the evidence are waived. *Willson Safety Prods.* v. *Eschenbrenner*, 302 Ark. 228, 232, 788 S.W.2d 729 (1990).

In its reply brief, appellant admits that it failed to renew its directed verdict motion but argues that its discussion regarding jury instructions was tantamount to a renewal of this motion. Appellant has cited no authority for this argument. An assignment of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent, without further research, that the assignment of error is well taken. *Smith* v. *Smith*, 41 Ark. App. 29, 32, 848 S.W.2d 428 (1993). Moreover, the discussion on which appellant relies does not appear in its abstract nor the record, and counsel for appellee denies any specific recollection of such discussion. Rule 6(d) of the Arkansas Rules of Appellate Procedure provides a procedure which a party may use when no report of a proceeding has been

made. Appellant, however, has not invoked this procedure. The burden is on the appellant to bring up a record sufficient to demonstrate that the trial court was in error. *See Bratton* v. *Gunn,* 300 Ark. 140, 777 S.W.2d 219 (1989). The record before us does not demonstrate that the appellant took any action at the end of the trial to preserve these sufficiency arguments, thus we need not address them.

Appellant's fourth and final point is that there was insufficient evidence to support the jury's award of punitive damages. By agreement of the parties, the trial was bifurcated and, after the jury returned a verdict of $15,000.00 for compensatory damages, the case was reopened and submitted to the jury on the issue of punitive damages. The jury then returned a verdict of $25,000.00 for punitive damages. Although appellant did not specifically move for a directed verdict on this issue, its counsel stated to the court that there was insufficient proof to submit this issue to the jury. Therefore, this issue was preserved for appeal.

Section 1681n of the Fair Credit Reporting Act provides:

Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of —

(1) any actual damages sustained by the consumer as a result of the failure;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Appellant contends there was no evidence to support a finding of willfulness on its behalf.

Punitive damage awards are permitted even without malice or evil motive, but the violation must have been willful under 15 U.S.C.A. § 1681n. *Pinner* v. *Schmidt,* 805 F.2d 1258,

1263 (5th Cir. 1986), *cert. denied* 483 U.S. 1022 (1987). In each case where punitive damages have been allowed, the defendant's conduct involved willful misrepresentations or concealments. *Id.* To be found in willful noncompliance, a defendant must have "knowingly and intentionally committed an act in conscious disregard for the rights of others." *Stevenson* v. *TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993).

■ In the case at bar, appellee alleged that appellant willfully violated § 1681e(b), § 1681g, and § 1681h of this act. Because we find substantial evidence to support the conclusion that the appellant willfully violated § 1681g and § 1681h of the act we do not address the matter of § 1681e(b). We find that the issue of punitive damages was properly before the jury.

Sections 1681g and 1681h require a credit reporting agency to disclose the nature and substance of all information and the sources of such information, and read as follows:

§ 1681g. Disclosures to consumers

(a) Information on file; sources; report recipients

Every consumer reporting agency shall, upon request and proper identification of any consumer, clearly and accurately disclose to the consumer:

(1) The nature and substance of all information (except medical information) in its files on the consumer at the time of the request.

(2) The sources of the information;. . .

\* \* \*

§ 1681h. Conditions of disclosure to consumers

(a) Times and notice

A consumer reporting agency shall make the disclosures required under section 1681g of this title during normal business hours and on reasonable notice.

(b) Identification of consumer

The disclosures required under section 1681g of this title shall be made to the consumer —

> (1) in person if he appears in person and furnishes proper identification; . . .

* * *

Appellee testified that, after he was refused credit by Ford Motor Credit Company and Helena Bank, he obtained a copy of his credit report and learned of the erroneous bankruptcy entry and the failure to show that the tax liens had been satisfied. He stated that he then called appellant about the erroneous report but its representative refused to talk to him over the telephone and told him that he would have to come to the Memphis office. He stated that he went to the Memphis office the following day but was told there that he would have to deal with appellant's Ohio office. Although two witnesses for appellant testified that they work in the Memphis office, did not remember seeing appellee, and disputed that he would have been turned away from the Memphis office, the credibility of these witnesses' testimony was a question for the jury to determine. *See Kempner* v. *Schulte*, 318 Ark. 433, 885 S.W.2d 892 (1994).

Appellee also notes that, when he attempted to obtain disclosure of the information from appellant by interrogatories after suit had been filed, appellant responded:

> TUC is a credit reporting agency and utilizes a myriad of different methods to obtain credit information on Mr. Crisp and all other consumers. There is not enough time or room in this document to acquaint Plaintiff with a method of business that has taken years and substantial money, time and effort to perfect. Suffice it to say, TUC obtains information on Plaintiff, as well as other consumers from creditors and public records, as well as other sources.

Assuming the jury believed the testimony of appellee, it could have inferred that appellant's failure to help appellee when he visited the Memphis office was willful. Therefore, we affirm the award of punitive damages.

Affirmed.

JENNINGS, C.J., and MAYFIELD, J., agree.