Southwestern Telegraph & Telephone Company
*v.* Hill.

Opinion delivered October 27, 1919.

1. Pleading and practice — reinstatement of cause at subsequent term.—A cause may be reinstated at a term of court, after having been dismissed at a preceding term, where the parties consent to the reinstatement.

2. Same—same—validity of reinstating order.—Although a cause may have been improperly reinstated by a *nunc pro tunc* order, one of the parties who has appeared in the cause, procured a continuance, filed pleadings, and participated in a trial of the cause before a jury, without objection, will not be heard to complain that the *nunc pro tunc* order was improperly made.

Appeal from Miller Circuit Court; *George R. Haymie,* Judge; affirmed.

*W. H. Arnold,* for appellant; *Walter J. Terry,* of counsel.

The court should have set aside the *nunc pro tunc* order. The authority of a court to amend its record by *nunc pro tunc* order is to make it speak the truth but not to make it speak what it did not speak but ought to have spoken. 72 Ark. 21; 87 *Id.* 438; 92 *Id.* 305; 106 *Id.* 470; 93 *Id.* 234. The evidence is overwhelming that the order does not recite the facts. 56 Ark. 231; 79 *Id.* 288.

*Danaher & Danaher,* for appellee.

1. No matter how erroneous this *nunc pro tunc* order may have been, the court was powerless to vacate its own order after the lapse of the term at which the order was made. 29 Cyc. 1519.

2. At best this is an appeal from an order setting aside a dismissal, though filed more than two years and six months after the order was entered. Such an appeal will not lie at any time. 3 C. J. 504; 105 Ark. 324; 134 *Id.* 386; 92 *Id.* 101; 115 *Id.* 554. Since the order reinstating the case was not appealable, of course the order denying the motion to vacate the *nunc pro tunc* order was not appealable. 114 Pac. 838; 79 *Id.* 171; 33 *Id.* 1103; 87 N. W. 1091.

3. Appellant appeared and participated in the trial of the case, and thus waived all objections to the reinstatement. 9 Ala. 399; 26 *Id.* 582; 41 Ill. App. 140; 58 Iowa, 612; 217 Ill. 61. The procedure adopted amounts to raising the correctness of the order of reinstatement for the first time on appeal, which can not be done. 79 N. W. 83. The action of the court in overruling this motion is not appealable for the further reason that it was made after judgment. 3 C. J. 517. The order was not final.

4. Having appeared several times in the case since the order was made and participated in the trial, appellant is estopped. It is too late now. 16 Cyc. 795; 128 Ark. 141.

5. Appellant consented to the order of which it now complains, and the court had power to reinstate even at a subsequent term. 57 Ill. App. 521; 198 Mo. App. 512.

6. There is no evidence that the order reinstating was not actually entered before the adjournment of court for the term, and appellant agreed to the reinstatement over the 'phone.

SMITH, J. This is the second appeal in this case. *Hill* v. *Southwestern Tel. & Tel. Co.*, 117 Ark. 104. On this first appeal the opinion was delivered February 15, 1915, and the cause was then remanded for a new trial, and on November 23, 1915, the cause was dismissed by the circuit court on its own motion for want of prosecution.

On the afternoon of December 16, 1915, attorneys for appellee, being at Pine Bluff, called attorney for appellant at Little Rock and asked him to call the court at Texarkana for the purpose of having the order of dismissal set aside. They were told that the said attorney would do this and if he found the court willing the attorney would consent. Repeated efforts to reach the court failed, and the call was carried over to the following day, when appellant's attorney had a long distance talk with the judge, resulting in the suggestion that if the attor-

neys would send a signed agreement to the clerk to this effect the case would be reinstated. The court had adjourned on December 17, but this was not known to the attorney for appellant nor to the other parties. The agreement was mailed to the clerk of the court on December 18, and on the authority of this agreement the clerk redocketed the case at the following June term. At the June term the cause was continued.

On November 27, 1916, without notice to the appellant or its attorney, attorneys for appellee filed a motion for a *nunc pro tunc* order to reinstate the case, and on the same day the motion was granted and the order entered.

On the same day, and in the absence of any one representing the appellant, there was a jury trial and a verdict for $6,300 for the plaintiff. On the following day the court granted the appellant time in which to file pleadings in the case. On December 8, 1916, the court granted the appellant a new trial. At the following June term, 1917, the cause was continued on motion of appellant. On November 27, 1917, there was a jury trial and verdict for the plaintiff in the sum of $6,000. Motions for a new trial were duly filed and overruled.

On November 25, 1918, the appellant filed its motion to set aside the *nunc pro tunc* order referred to. On December 11, 1918, the court overruled the motion to set aside said order, and this appeal has been prosecuted to review that action.

Counsel for appellant question the authority of the court to make the *nunc pro tunc* order upon the ground that the court was not in session at the time the alleged order reinstating the cause was made and insist, therefore, that no subsequent order of the court directing the entry, *nunc pro tunc*, of the reinstating order could validate an order which the court could never in the first instance have made, because it was not in session at the time it was made.

(1-2) This may be true, but it does not follow on that account that the court did not reacquire jurisdiction of the

cause. We know of no reason why a cause might not be reinstated at one term after having been dismissed at the preceding term where the parties consent to its reinstatement. It is true the conversation in which the consent was given related to the reinstatement of the cause at the term at which it was dismissed, but subsequently thereto appellant voluntarily appeared in the court below, filed pleadings in the cause, obtained a continuance from one term of the court to another, had a default judgment set aside, and finally participated in a trial before a jury, without having raised any question about its presence in court, and it cannot, therefore, now be prejudiced by the *nunc pro tunc* order showing the jurisdiction of the court to try the cause, whether that order was properly made or not, because, without reference to it, the court had acquired jurisdiction of the case through the proceedings above mentioned. Judgment affirmed.