2012 Ark. App. 11

**Charles Wayne HILL, Appellant**

v.

**Diana Erikson HILL, Appellee.**

**No. CA 11–710.**

Court of Appeals of Arkansas.

Jan. 4, 2012.

Bryan Russell Huffman, Benton, for appellant.

Wesley Grant Lody, Beebe, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Charles Wayne Hill and appellee Diana Erikson Hill were married on December 23, 1996, and separated on November 24, 2006. Both parties filed for divorce in Washington County Circuit Court, and the trial court entered an order consolidating the cases. On March 9, 2010, the trial court entered a decree of divorce, which granted Mrs. Hill a divorce from Mr. Hill. The divorce decree awarded custody of the parties' only minor child to Mrs. Hill, divided the parties' property, and ordered Mr. Hill to pay child support as well as alimony for the next five years.

On January 13, 2011, Mrs. Hill filed a motion to vacate the decree on the basis that her complaint for divorce had been dismissed, that there was no subsequent order reinstating the case, and that the case was not properly before the court. On March 16, 2011, the trial court entered an order that "set aside, vacated, and held for naught" the divorce decree. Mr. Hill now appeals from the order setting aside the divorce decree, and argues that the trial court had jurisdiction and abused its discretion in not issuing an order *nunc pro tunc* reinstating Mrs. Hill's complaint.

Mr. Hill also contends that Mrs. Hill came to court with unclean hands, and he asks this court to set aside the order vacating the divorce decree with instructions that the case be reinstated and the divorce decree enforced. We reverse the trial court's order that vacated the divorce decree.

The history of the litigation between these parties is a procedural morass. It all began in Saline County Circuit Court. On December 20, 2006, the Saline County Circuit Court entered a decree of separate maintenance. On January 22, 2008, Mr. Hill filed in Saline County a cross-complaint for divorce.

Mrs. Hill filed her complaint for divorce in Washington County Circuit Court on April 8, 2008, and it was assigned case number DR–2008–636–4. On April 28, 2008, Mr. Hill filed a motion to dismiss the complaint. On July 25, 2008, the Washington County Circuit Court entered an order dismissing Mrs. Hill's divorce complaint pursuant to Ark. R. Civ. P. 12(b)(8) because there was another action pending between the parties arising out of the same transaction or occurrence in Saline County.

On August 6, 2008, the Saline County case was transferred to Washington County Circuit Court and placed in file number DR–2008–636–4 (Mrs. Hill's dismissed divorce action). On that same day, Mr. Hill filed his complaint for divorce in Washington County, which was given case number DR–2008–1383–6. On August 21, 2008, Mrs. Hill filed in Washington County a motion to set aside the order dismissing her complaint for divorce. In that motion Mrs. Hill asserted that because there was no longer a case pending in Saline County, the Washington County Circuit Court should set aside its previous order of dismissal so that her case (DR–2008–636–4) may go forward. On August 27,

2008, Mrs. Hill filed a motion to dismiss Mr. Hill's divorce complaint and for sanctions against Mr. Hill and his attorneys. On October 13, 2008, Mrs. Hill filed an amended motion to set aside the order dismissing her divorce complaint, again requesting that her case be reinstated and go forward.

Both divorce cases came before Washington County Circuit Judge Mary Ann Gunn, and on October 31, 2008, the parties read an agreement into the record. The parties indicated that Mr. Hill's divorce complaint filed in Saline County was dismissed, but that subsequent motions and petitions transferred to Washington County were still pending. The parties announced the following agreement:

The parties have come to an agreement as to the issue on the motion to reinstate a dismissal of Ms. Hill's cause of action for divorce, filed in Judge Gunn's court which was subsequently dismissed. Diana Hill filed a motion to reinstate her cause of action for divorce in DR–2008–636–4 and that complaint will be reinstated. Ms. Hill filed a motion to dismiss a cause of action that was filed by Charles Wayne Hill under DR–2008–1386–6. The parties agree her motion to dismiss will be denied or withdrawn. . . . The parties have agreed that Mrs. Diana Hill will be the plaintiff, and Mr. Hill will be defendant for all future purposes and all motions and petitions filed from this time forward.

Mrs. Hill's counsel indicated that the parties agreed to consolidate their complaints into case number DR–2008–636–4, and that she had been ordered by the trial court to prepare an order consistent with the parties' agreement.

On November 3, 2008, the Washington County Circuit Court entered an order that consolidated Mr. Hill's case filed under case number DR–2008–1383–6 into

Mrs. Hill's case filed under DR–2008–636–4.[1] The case then proceeded under case number DR–2008–636–4. However, the trial court failed to enter an order vacating the dismissal of Mrs. Hill's divorce complaint or reinstating that action as contemplated by the parties' verbal agreement. Mr. Hill filed an answer to Mrs. Hill's complaint for divorce on November 7, 2008.

The trial court held a three-day bench trial on the merged cases. The trial court subsequently held a hearing on November 20, 2009, for the purpose of announcing its rulings. On that day Mrs. Hill, who had been represented by numerous lawyers throughout the proceedings and had at times represented herself pro se, advised the trial court that she wished to relieve her current lawyer from representation and again represent herself. A discussion then ensued regarding the procedural history of the case. The trial court noted that it had previously dismissed Mrs. Hill's complaint for divorce, that the parties' cases were consolidated into case number DR–2008–636–4, but that there was never an order entered reinstating Mrs. Hill's complaint. Mrs. Hill's counsel suggested that the simplest way to solve the problem would be to enter a *nunc pro tunc* order reinstating Mrs. Hill's divorce complaint, and the trial court said, "alright, I don't have a problem doing that." The trial court then relieved Mrs. Hill's counsel from further representation. The trial court advised Mr. Hill's counsel to draft an order reflecting that the case was re-opened on August 21, 2008, and the trial court said that it would enter that order *nunc pro tunc.* The trial court then announced that Mrs. Hill would be granted a divorce.

A *nunc pro tunc* order reinstating Mrs. Hill's divorce complaint was never entered. After the hearing Mrs. Hill filed various motions including two motions for mistrial, and the trial court denied these motions in an order entered on March 9, 2010. Also on March 9, 2010, the trial court entered the divorce decree.

On April 7, 2010, Mrs. Hill filed a notice of appeal from the divorce decree, but no appeal was prosecuted. On October 5, 2010, Mrs. Hill filed a petition for removing the parties' child from the state, modification of visitation, extension of the effective date of the separate maintenance order, and contempt. Judge Gunn entered an order of recusal on December 3, 2010, and the case was transferred to Judge William Storey. Mrs. Hill motioned for a change of venue on December 9, 2010.

On January 13, 2011, Mrs. Hill filed a motion to vacate the divorce decree on the basis that there was never an order entered reinstating her case and thus that the case was not properly before the trial court. Her motion was made pursuant to Ark. R. Civ. P. 60(c)(4), and alleged that a constructive fraud had been perpetrated on the court. On January 18, 2011, Mrs. Hill withdrew her October 5, 2010, petition. On January 19, 2011, Mr. Hill filed motions for contempt and change of custody against Mrs. Hill, wherein he asserted that she violated the divorce decree by removing the child from the state and frustrating his visitation. On January 24, 2011, Mr. Hill filed a response to Mrs. Hill's motion to vacate the divorce decree, requesting that her motion be denied.

A hearing was held before Judge Storey on February 18, 2011. At that hearing, the respective parties gave arguments

---

1. The order of consolidation mistakenly refers to Mr. Hill's case number as DR–2008–1383–4.

in favor of and opposing Mrs. Hill's motion to vacate the divorce decree. Mr. Hill argued that a *nunc pro tunc* order should be entered reinstating Mrs. Hill's complaint. At the hearing, the trial court announced that there was never any order reinstating case number DR–2008–636–4, that the trial court did not have jurisdiction at the time it issued the divorce decree, and that therefore the decree was null and void. In its order filed on March 16, 2011, the trial court vacated the divorce decree.

In this appeal from the March 16, 2011, order vacating the divorce decree in case number DR–2008–636–4, Mr. Hill argues that the trial court had jurisdiction to enter the divorce decree and abused its discretion in not issuing an order *nunc pro tunc* reinstating that case. He argues that even though there was no written order reopening the case, it was still before the trial court. Mr. Hill notes that Mrs. Hill filed a written motion to reopen her case and then the parties assented on the record to reinstating it. Mrs. Hill's case was consolidated with Mr. Hill's case, and he argues that this consolidation with a validly opened case in effect reopened Mrs. Hill's case. Moreover, the parties proceeded under their agreement through a trial on the merits, and at the conclusion of the trial the trial court indicated that it would enter a *nunc pro tunc* order reopening her case, although it was never entered.

Mr. Hill argues that this case is similar to *Southwestern Tel. & Tel. Co. v. Hill*, 140 Ark. 328, 215 S.W. 577 (1919). In that case, the appellant challenged a *nunc pro tunc* order that reinstated the case, and the supreme court disagreed with appellant's argument and affirmed the judgment. The supreme court wrote:

Counsel for appellant question[s] the authority of the court to make the *nunc pro tunc* order upon the ground that the court was not in session at the time the alleged order reinstating the case was made and insist[s], therefore, that no subsequent order of the court directing the entry, *nunc pro tunc,* of the reinstating order could validate an order which the court could never in the first instance have made, because it was not in session at the time it was made. This may be true, but it does not follow on that account that the court did not reacquire jurisdiction of the cause. We know of no reason why a cause might not be reinstated at one term after having been dismissed at the preceding term where the parties consent to its reinstatement. It is true the conversation in which the consent was given related to the reinstatement of the cause at the term at which it was dismissed, but subsequently thereto appellant voluntarily appeared in the court below, filed pleadings in the cause, obtained a continuance from one term of the court to another, had a default judgment set aside, and finally participated in a trial before a jury, without having raised any question about its presence in court, and it cannot, therefore, now be prejudiced by the *nunc pro tunc* order showing the jurisdiction of the court to try the cause, whether that order was properly made or not, because, without reference to it, the court had acquired jurisdiction of the case through the proceedings above mentioned.

*Hill,* 140 Ark. at 330–31, 215 S.W. at 577. In the present case, Mr. Hill submits that because Mrs. Hill filed a motion to reinstate her case, agreed on the record to reopen it, and fully prosecuted her action under case number DR–2008–636–4, the case was reinstated and the trial court should be directed to enter a *nunc pro tunc* order reinstating DR–2008–636–4 to make the record speak the truth.

Mr. Hill also argues that the trial court erred in not exercising its equitable

powers because Mrs. Hill came to court with unclean hands, and that Mrs. Hill should be estopped from asserting any objection to entry of the divorce decree. The unclean-hands doctrine bars relief to those guilty of improper conduct in the matter in which they seek relief. *Poff v. Brown*, 374 Ark. 453, 288 S.W.3d 620 (2008). Estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy. *Continental Ins. Co. v. Stanley*, 263 Ark. 638, 569 S.W.2d 653 (1978). Mr. Hill asserts that because Mrs. Hill fought vigorously to reinstate her action for divorce, acknowledged that it had been reinstated, fully participated in the proceedings, and never objected to the action being properly before the court until after being dissatisfied with the divorce decree, her actions fit the definition of unclean hands and she was estopped from challenging the decree on the basis that her case had not been reinstated. Mr. Hill asks this court to reverse the order vacating the divorce decree, direct the trial court to enter an order *nunc pro tunc* reinstating case number DR–2008–636–4, and direct the trial court to enforce the existing decree.

We hold that the trial court erred in vacating the divorce decree based on the particular circumstances involved in this case. In *Hill, supra*, the supreme court held that because the appellant therein fully participated in the action to its final decision without raising any question about its presence in court, the trial court had jurisdiction of the case. Similarly, the trial court had jurisdiction to enter the divorce decree in the instant matter.

The undisputed history of this case demonstrates that Mrs. Hill filed a divorce complaint in Washington County, and after her complaint was dismissed the pending Saline County case was transferred in full to Washington County. Mr. Hill then filed a new complaint for divorce. Thereafter, Mrs. Hill filed motions to reinstate her complaint and agreed on the record to prepare an order reflecting the parties' agreement to reopen her case and consolidate both divorce actions. An order consolidating the actions was entered forthwith but through inadvertence no order was entered reinstating Mrs. Hill's action. Notwithstanding that fact, both parties fully participated in the consolidated cases that culminated in a three-day trial where all of the issues were litigated and a divorce decree subsequently entered. Far from raising any question as to her presence in court or jurisdiction of the trial court, Mrs. Hill fully participated in all of the divorce proceedings, to include filing multiple motions challenging the trial court's findings and even filing a notice of appeal from the divorce decree. It was well over a year after the divorce trial and more than ten months after the divorce decree was entered that she moved to vacate the decree under Rule 60(c)(4), but that rule provides no basis for setting aside the decree. We therefore hold that the trial court committed reversible error when it vacated the divorce decree, and we reverse and remand with instructions that the decree be reinstated.

Because we have decided this appeal based upon the rationale set forth above, we need not address Mr. Hill's *nunc pro tunc* and unclean-hands arguments.

Reversed and remanded.

HART and ABRAMSON, JJ., agree.