ALEXANDER *v*. TEMPLE.

Opinion delivered January 24, 1927.

1. EMINENT DOMAIN—NOTICE OF CONDEMNATION OF DITCH.—A landowner, though without actual notice of condemnation of the right-of-way for a drainage ditch, under Acts 1909, p. 829, was bound thereby.

2. EMINENT DOMAIN—RIGHT OF LANDOWNER TO COMPENSATION.—A landowner who continued to occupy and cultivate the right-of-way of a drainage ditch after condemnation, under Acts 1909, p. 829, was complete, did so at his peril, though he was not actually notified of the condemnation, and he was not entitled to compensation for destruction of the crop raised thereafter by the construction of the ditch; the maxim that one seeking equity must do equity not applying.

3. EMINENT DOMAIN—DAMAGES INCLUDED IN CONDEMNATION.—All of a landowner's damage arising from taking of a right-of-way for

a drainage ditch, under Acts 1909, p. 829, is conclusively presumed to have been included in the condemnation, in the absence of objection to the award in apt time.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; reversed.

*Danaher & Danaher,* for appellant.

*R. W. Wilson,* for appellee.

McCULLOCH, C. J. Appellants, as commissioners of the Tucker Lake Levee & Drainage District, instituted against appellee this action in the chancery court of Jefferson County to restrain appellee from interfering with the construction of the improvement by the contractor or subcontractor.

Appellee owned a small tract of land in line with the right-of-way, and, when the subcontractors appeared, in the early part of November, 1925, to begin work with the dredging machine, appellee prevented them from coming on the land. He had planted a crop of cotton, which had matured, on the tract included in the condemned right-of-way, and he insisted that no work be done interfering with the gathering of his crop. Appellants then instituted this action to prevent the interference, the cause was heard by the chancery court on November 23, 1925, and a decree was entered by the court restraining appellee from interfering with the work, but in favor of appellee for recovery of the sum of $100 as damages for the destruction of the crop grown on the right-of-way.

It appears that, in the organization of the district and in the formation of the plans for the improvement, there was an assessment of benefits and damages filed in accordance with the statute (Acts 1919, page 829). Appellee had no actual notice of the statutory condemnation, but was bound by it. *Dickerson* v. *Tri-County Drainage District,* 138 Ark. 471, 212 S. W. 334. However, the condemnation was complete December, 1923, and nothing was done toward the construction of the improvement until November, 1925, when the subcontractors appeared on appellee's land to begin work, and appellee insisted that his crop be not taken or damaged without compensation,

for the reason that he had been permitted to plant the crop without actual notice that the ditch would be dug along the right-of-way before he had gathered the crop. The chancery court based its decision in favor of appellee on the ground that appellants, before obtaining relief, should be required to do equity by paying for the damage done under the circumstances. Apparently the court applied the familiar maxim that he who seeks equity must do equity. Our conclusion is that this was a misapplication of the equity doctrine, for the condemnation was complete, and appellee continued at his peril to occupy and cultivate the right-of-way. All of his damage for taking the right-of-way was conclusively presumed to have been included in the award made by the assessors, there having been no objection made to the award in apt time. Appellee's continued possession of the property was, at most, permissive, and he can claim no damages by reason of the indulgence. The decree is erroneous, and is therefore reversed, with instructions to enter a decree in favor of appellants in accordance with this opinion.