John L. POFF *v.* Harold Ray BROWN, Claude C. Brown and Estate of Thelma Payton, Deceased

08-305                                                    288 S.W.3d 620

Supreme Court of Arkansas
Opinion delivered October 23, 2008

*Richard H. Mays Law Firm*, by: *Richard H. Mays*, for appellant.

*Tilley & Thomas*, by: *R. Bryan Tilley* and *Albert Thomas, III*, for appellees.

Jim Hannah, Chief Justice. John L. Poff appeals a decision of the Cleburne County Circuit Court refusing to order specific performance on a contract between Poff and Harold Ray Brown. Poff asserts that the circuit court erred in considering the equitable defense of unconscionability because it is an affirmative defense that Brown failed to plead in his answer. He further alleges that the circuit court erred in admission of evidence on which the circuit court based its decision that the contract was unconscionable. We affirm the decision of the circuit court based on the clean-hands doctrine. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7).

Brown served as the executor to his mother's estate. At the time the estate was being closed, Poff approached Brown with an offer to purchase mineral rights held by the estate. Brown was willing to consider the sale but told Poff he first wished to investigate the value. Poff, a licensed real estate appraiser, agreed to put off further negotiations for several days; however, he then phoned Brown and expressed a need to proceed the next day. Poff went to Brown's home the next day. They met, and Brown signed a contract provided by Poff; however, Brown did not receive a copy of the contract until suit was instituted against him. After signing the contract, Brown became convinced that he had not been paid what the mineral rights were worth, so he called Poff and attempted to rescind the sale. Poff refused and filed the present suit for specific performance.

Poff alleges that unconscionability is an affirmative defense and that the failure to plead it as an affirmative defense is dispositive of this case. Pursuant to Arkansas Rule of Civil Procedure 8(c), an affirmative defense must be set forth in the defendant's responsive pleading. Rule 8 sets out a number of affirmative defenses but does not include unconscionability; however, the list is not exhaustive and includes "any other matter constituting an avoidance or affirmative defense." The basic rule as developed under the common law is that any issue raised by the plaintiff in the complaint may be countered by a general denial in the answer, but any issue raised in the answer for the first time constitutes a new matter that must be specifically set out by the defendant:

> Under our system of pleading the only proper way to raise such matters is by way of plea in the answer. The plea corresponds to the common law plea of confession and avoidance. It is an affirmative plea in nature and . . . the burden of proof is upon the party asserting the defense.

*Southern Farmers Ass'n v. Wyatt*, 234 Ark. 649, 653, 333 S.W.2d 531, 533 (1962); *see also Clark v. Holt*, 16 Ark. 257 (1855) (a plea in confession and avoidance confesses the allegations and seeks to avoid them by raising a new matter). In *Smith v. Ryan*, 175 Ark. 23, 27-28, 298 S.W. 498, 500 (1927) (quoting Burr W. Jones, *Jones Commentaries on Evidence* § 486, at pp.866-67 (2nd ed. 1926)), this court stated as follows:

> The burden of proving defenses of an affirmative nature, or in confession and avoidance, is upon the defendant. The reason is obvious. In such instances the effect of the pleading is to admit the material allegations of the complaint or declaration, but to seek to avoid the effect thereof by the affirmative allegation of new matter avoiding plaintiff's case. If the defendant pleads a release, in abatement, a discharge in bankruptcy, or other substantive defense, the burden is upon him to prove such affirmative defense and forms no part of the plaintiff's averments.

In the present case, the issue of unconscionability was raised by Brown for the first time at trial. Thus, it is an issue that was not raised by Poff in his complaint and raised a new matter in avoidance. It therefore constituted an affirmative defense. Poff alleges that Brown's failure to plead unconscionability as an affirmative defense in his answer is dispositive of this case. Certainly, the "failure to plead an affirmative defense can result in a waiver and exclusion of the defense from the case." *Felton v. Rebsamen Medical Center*, 373 Ark. 472, 480, 284 S.W.3d 486, 492 (2008). Further, as in this case where there was no attempt to amend the answer under Arkansas Rules of Civil Procedure 15(c), the failure to plead the affirmative defense may be determinative of the issue. *See Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997).

Our analysis in this case does not begin or end with determining that unconscionability was an affirmative defense. In filing a complaint for specific performance, Poff chose to proceed in equity rather than seek damages in an action at law. Specific performance is an equitable remedy cognizable only in equity. *Hardy Constr. Co. v. Ark. State Highway & Transp. Dep't*, 324 Ark. 496, 922 S.W.2d 705 (1996).

Equity will not intervene on behalf of a plaintiff whose conduct in connection with the same matter has been unconscientious or unjust. *Wilson v. Brown*, 320 Ark. 240, 897 S.W.2d 546

(1995); *Batesville Truck Lines, Inc. v. Martin*, 219 Ark. 603, 243 S.W.2d 729 (1951). Courts of equity are careful to deny any person the advantage of his or her own wrong. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). The party who seeks equity must do equity. *Ouachita Trek Dev. Co. v. Rowe*, 341 Ark. 456, 17 S.W.3d 491 (2000); *Alexander v. Temple*, 172 Ark. 611, 290 S.W. 63 (1927). "[A] court of equity is a court of conscience wherein justice is done sometimes stripped of technicalities and red tape, and because a court of equity should consider the relative positions of the various parties and render a decree that does substantial justice to all." *Whitaker & Co. v. Sewer Improvement Dist. No. 1*, 229 Ark. 697, 318 S.W.2d 831 (1958).

Further, in equity, the clean-hands doctrine bars relief to those guilty of improper conduct in the matter in which they seek relief. *Wilson, supra; Marshall v. Marshall*, 227 Ark. 582, 300 S.W.2d 933 (1957). The purpose of the clean-hands doctrine is to protect the interest of the public on grounds of public policy and to protect the integrity of the court. *Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991).

The circuit court concluded that, "The Plaintiff has 'unclean hands' and should not be granted the equitable remedy of specific performance." This conclusion was based on the following factual findings:

1. Poff is a real estate appraiser knowledgeable about land values and was actively engaged in the purchase and sale of mineral rights in early 2006 when this sale occurred.

2. Poff pressured Brown to meet before Brown could ascertain the value of the mineral rights.

3. Poff told Brown that the mineral rights he sought from Brown "had little or no value" when the value of mineral rights was not insignificant.

4. Poff told Brown he was buying the mineral rights for his grandchildren when he was actually buying them for himself as part of an investment strategy.

5. Poff provided a preprinted contract that he filled out in the meeting with Brown, and there was disparity between the contract Brown signed and the contract attached to the complaint.

6. Brown had little knowledge of mineral rights and natural gas while Poff had significant knowledge. This constituted a "gross difference" in bargaining positions.

7. The contract was unconscionable.

We review the circuit court's application of the clean-hands doctrine under an abuse of discretion standard. *See Grable, supra.* A court commits an abuse of discretion when it improvidently exercises its discretion, for example, when discretion is exercised thoughtlessly and without due consideration. *Arnold v. Camden News Publ'g Co.*, 353 Ark. 522, 110 S.W.3d 268 (2003). The record reveals that the circuit court carefully considered the facts and reached its conclusion based on thorough analysis. We find no evidence that the circuit court exercised its discretion thoughtlessly or without due consideration. Therefore, we affirm its decision based on the clean-hands doctrine.

Affirmed.

DANIELSON, J., not participating.