JIM HANNAH, Chief Justice. |TThe issues in this appeal involve a pay-if-paid clause in a construction subcontract and the scope of a surety’s obligations under a lien-release bond. Appellant, BCC Construction, LLC, d/b/a Boyd Cor-ley Construction, LLC (“BCC”), and ap-pellee, Sweet’s Contracting, Inc. (“SCI”), entered into a subcontract on August 7, 2008. BCC, as the general contractor, hired SCI to perform excavation work on a Walgreens project in Batesville, Arkansas. The subcontract contained what is commonly known in the construction industry as a pay-if-paid clause. The pay-if-paid clause in this case specified that BCC’s receipt of payment from the project owner for work performed by SCI was an absolute condition precedent to BCC’s obligation to pay SCI for that work. After a dispute arose regarding how much compensation SCI was owed under the subcontract, SCI filed a materialmen’s lien against the Walgreens [2project, and BCC filed a bond in contest of the lien. Appellant, Travelers Casualty & Surety Company (“Travelers”), issued a lien-release bond as surety on behalf of its principal, BCC. SCI filed suit against BCC and Travelers, seeking recovery against BCC for breach of contract and against both BCC and Travelers under the lien-release bond. The case proceeded to a jury trial in which SCI sought $70,184.38 in damages. At the close of SCI’s case, both BCC and Travelers argued that they were entitled to a directed verdict because SCI failed to prove that it had complied with the terms of the subcontract, that SCI’s evidence of damages was speculative, and that SCI’s claim for the work it performed,for another subcontractor, RAW, LLC, was barred by the statute of frauds. They also argued that they were entitled to a directed verdict pursuant to the pay-if-paid clause contained in the subcontract between BCC and SCI because SCI failed to present any evidence showing that the owner had paid BCC for the work SCI alleged it had performed.[1] In support of their argument, they cited Brown v. Maryland Casualty Co., 246 Ark. 1074, 442 S.W.2d 187 (1969), in which this court held that a conditional-payment clause in a contract created a condition precedent to payment, explaining that “ ‘a provision for the payment of an obligation upon | sthe happening of an event does not become absolute until the happening of the event.’ ” Id. at 1080, 442 S.W.2d at 191 (quoting Mascioni v. I.B. Miller, Inc., 261 N.Y. 1, 184 N.E. 473 (1933)). Based on our decision in Brown, the circuit court directed a verdict in favor of BCC, ruling that the pay-if-paid clause in the subcontract barred recovery from BCC because there was no evidence that BCC had been paid by the owner for the work SCI alleged it had performed.[2] Accordingly, the circuit court dismissed the claims against BCC with prejudice. The circuit court declined, however, to direct a verdict in favor of Travelers, and the case against Travelers on the lien-release bond was submitted to the jury. The jury reached a verdict in favor of SCI and awarded damages against Travelers in the amount of $25,478.20. After trial, Travelers filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial on the same grounds as its motion for a directed verdict. SCI filed a motion to alter or amend ruling, requesting that the circuit court reverse its decision to direct a verdict in favor of BCC pursuant to the pay-if-paid clause. The circuit court denied all the posttrial motions. BCC and SCI also filed motions for attorney’s fees. The circuit court denied BCC’s motion, rejecting BCC’s contention that it was entitled to fees as the prevailing party in the suit between BCC and SCI. The circuit court granted SCI’s motion in its suit against Travelers, and awarded SCI $48,197.45. Travelers and BCC appeal, and SCI cross-appeals.[3] On appeal, Travelers contends that the circuit court erred in denying Travelers’ motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for a new trial because (1) a surety’s liability on a lien-release bond cannot exceed the liability of its principal, (2) there was not substantial evidence for the jury to find that SCI complied with its subcontract with BCC, (3) there was not substantial evidence of SCI’s damages to support the verdict, and (4) SCI did not present evidence of a writing or consideration to support its claim that BCC agreed to be responsible for RAW, LLC’s debt to SCI. Travelers also contends that the circuit court abused its discretion in granting SCI’s motion for attorney’s fees because Travelers’ liability cannot exceed the liability of BCC and because SCI was not entitled to attorney’s fees under the material-men’s lien statute. BCC contends that the circuit court abused its discretion in denying its motion for attorney’s fees because BCC was the prevailing party in its suit against SCI. On cross-appeal, SCI contends that the circuit court erred in granting a directed verdict for BCC on the pay-if-paid clause. SCI also contends that the circuit court erred in ruling that the subcontract was ambiguous on the issue of fill and in allowing parol evidence. Finally, SCI contends that this court should grant SCI attorney’s fees and costs for both defending the action below and for those incurred in this appeal. We hold that the circuit court erred in denying Travelers’ motion for directed verdict and that the circuit court did not err in granting BCC’s motion for directed verdict. We reverse the award of attorney’s fees to SCI, and we do not address BCC’s argument concerning attorney’s fees. Accordingly, we affirm in part and reverse in part on direct | .¡appeal, and we affirm in part and reverse in part on cross-appeal. Many of the issues raised by the parties are intertwined. For clarity and ease of discussion, we first address SCI’s point on cross-appeal that the circuit court erred in granting a directed verdict for BCC on the pay-if-paid clause. I. Grant of BCC’s Directed-Verdiet Motion The underlying dispute between BCC and SCI arose pursuant to the pay-if-paid clause in the subcontract. A typical “pay-if-paid” clause might read: “Contractor’s receipt of payment from the owner is a condition precedent to contractor’s obligation to make payment to the subcontractor; the subcontractor expressly assumes the risk of the owner’s nonpayment and the subcontract price includes this risk.” Under a “pay-if-paid” provision in a construction contract, receipt of payment by the contractor from the owner is an express condition precedent to the contractor’s obligation to pay the subcontractor. A “pay-if-paid” provision in a construction subcontract is meant to shift the risk of the owner’s nonpayment under the subcontract from the contractor to the subcontractor. Robert F. Carney & Adam Cizek, Payment Provisions in Construction Contracts and Construction Fund Statutes: A Fifty State Survey, 24 Construction Law, 5, 5-6 (2004). The subcontract between BCC and SCI contained the following provisions: Subcontractor will receive payment from the contractor once the contractor has been paid by the owner. No monies are owed to the subcontractor until BCC has received payment from the owner for the subcontractor’s work. The parties hereto agree and acknowledge, that as an absolute condition precedent to Progress Payments to the SUBCONTRACTOR [SCI], the CONTRACTOR [BCC] must receive corresponding payment from the OWNER for SUBCONTRACTOR’S [SCI’s] Work. In the event of nonpayment by OWNER, SUBCONTRACTOR’S [SCI’s] remedies are against the OWNER. [N]o payment from CONTRACTOR [BCC] to SUBCONTRACTOR [SCI] shall be due unless the CONTRACTOR [BCC] receives payment from OWNER for the |fiWork of the SUBCONTRACTOR [SCI]. In the event of nonpayment by OWNER, SUBCONTRACTOR’S [SCI’s] remedies are against the OWNER. The circuit court directed a verdict in favor of BCC, ruling that the pay-if-paid clause[4] in the subcontract barred recovery from BCC because there was no evidence that BCC had been paid by the owner for the work SCI alleged it had performed. SCI contends that the circuit court should not have considered the affirmative defense of the pay-if-paid clause because BCC failed to plead or argue it under Arkansas Rules of Civil Procedure 8(c) and 9(c) (2014).[5] Generally, in deciding whether the grant of a motion for directed verdict was appropriate, appellate courts review whether there was substantial evidence to support the circuit court’s decision. E.g., Switzer v. Shelter Mut. Ins. Co., 362 Ark. 419, 432, 208 S.W.3d 792, 800 (2005). This particular point on cross-appeal, however, requires us to construe a court rule; therefore, our appellate review is de novo. E.g., Kesai v. Almand, 2011 Ark. 207, at 3, 382 S.W.3d 669, 671. We hold that the circuit court correctly ruled that the pay-if-paid clause was not an |7affirmative defense that must be specifically pled under Rule 8(c).[6] “The basic rule as developed under the common law is that any issue raised by the plaintiff in the complaint may be countered by a general denial in the answer, but any issue raised in the answer for the first time constitutes a new matter that must be specifically set out by the defendant as an affirmative defense.” Poff v. Brown, 374 Ark. 453, 455, 288 S.W.3d 620, 622 (2008). An affirmative defense must be pled when a defendant admits the material allegations of the complaint but seeks to avoid the effect of such admittance by an affirmative allegation of new matter “avoiding plaintiffs case.” Id., 288 S.W.3d at 622. In this case, SCI asserted in its complaint that BCC had breached the subcontract by failing to do what the subcontract required it to do. BCC answered and denied that it had breached the subcontract and denied that it had failed to do what the subcontract required it to do. BCC never admitted the material allegations of the complaint — that it breached the subcontract— so it was not required to plead an affirmative defense. SCI next contends that the circuit court’s order granting a directed verdict in favor of BCC should be reversed because the pay-if-paid clause upon which it was based is unenforceable. Specifically, SCI asserts that the pay-if-paid clause cannot be enforced because |8it conflicts with the materialmen’s lien statute. This argument is not preserved for our review because SCI did not make this argument at trial in response to BCC’s motion for directed verdict. See, e.g., Grandjean v. Grandjean, 315 Ark. 620, 621, 869 S.W.2d 709, 709 (1994) (“An appellant may not change the basis for his argument or raise a new argument on appeal; he is limited to what was requested in the trial court.”). Similarly, three of SCI’s remaining arguments concerning the circuit court’s grant of BCC’s directed-verdict motion are not preserved for our review. SCI contends that the circuit court erred in denying BCC’s motion for directed verdict because (1) the jury should have been allowed to consider whether BCC violated the duty of good faith and fair dealing and whether BCC acted in a manner to frustrate the purpose of the contract, (2) the pay-if-paid clause is contrary to public policy, and (3) this court’s decision in Brown, which upheld a conditional-payment clause, should be overruled. SCI did not raise these issues at trial; rather, SCI raised these issues in a posttrial motion. An objection made for the first time in a post-trial motion is not timely. See, e.g., Cochran v. Bentley, 369 Ark. 159, 176, 251 S.W.3d 253, 266 (2007). Stated another way, an issue must be presented to the circuit court at the earliest opportunity in order to preserve it for appeal. Id., 251 S.W.3d at 266-67. For that reason, a party cannot wait until the outcome of a case to bring an error to the circuit court’s attention. Id., 251 S.W.3d at 267. We hold that the circuit court did not err in granting BCC’s motion for directed verdict on the pay-if-paid clause. As such, we need not address SCI’s contention that the circuit court erred in ruling that the contract was ambiguous on the issue of fill and in | flallowing parol evidence. II. Denial of Travelers’ Motion for Directed Verdict, Motion for Judgment Notwithstanding the Verdict, and Motion for New Trial We now turn to Travelers’ contention on direct appeal that the circuit court erred in denying its motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for a new trial because a surety’s liability on a lien-release bond cannot exceed the liability of its principal. In this case, the circuit court found that, because the subcontract between BCC and SCI contained a pay-if-paid clause and because SCI failed to present evidence that BCC had been paid by the owner, BCC was entitled to a directed verdict under the terms of the subcontract and under the lien-release bond. But the circuit court allowed the action to proceed against Travelers, BCC’s surety, under the lien-release bond.[7] Travelers asserts that the circuit court’s ruling was erroneous because (1) generally, a surety’s liability cannot exceed the liability of its principal, (2) Travelers, as BCC’s surety, was entitled to rely upon the pay-if-paid clause as a defense, and (3) the circuit court’s dismissal of BCC extinguished Travelers’ liability under Arkansas Code Annotated section 18-44-118 (Supp.2013). Typically, this court reviews the circuit court’s denial of a inotion for directed verdict, denial of a motion for judgment notwithstanding the verdict, and denial of a new-trial motion for whether there is substantial evidence to support the jury’s verdict. E.g., Miller Brewing Co. v. Ed Roleson, Jr., Inc., 365 Ark. 38, 43, 223 S.W.3d 806, 811 (2006). Here, |10however, the issues presented are questions of law, and we review questions of law de novo. See, e.g., Gulfco of Louisiana v. Brantley, 2013 Ark. 367, at 11, 430 S.W.3d 7, 13-14. We begin with the basic principles of surety law. This court has defined a suretyship as a contractual relation whereby one party engages to be answerable for the debt or default of another. See F & M Bldg. P’ship v. Farmers & Merchs. Bank, 316 Ark. 60, 64, 871 S.W.2d 338, 340 (1994); Fausett Builders, Inc. v. Globe Indem. Co., 220 Ark. 301, 304, 247 S.W.2d 469, 471 (1952); see also Hall v. Equitable Sur. Co., 126 Ark. 535, 539, 191 S.W. 32, 34 (1917) (“Where the contract takes the form of ordinary suretyship, the agreement of the surety is that he will do ■ the thing which the principal has undertaken.”); Howard W. Brill & Christian H. Brill, Arkansas Law of Damages § 17:11 (5th ed.2004) (“The surety contract fulfills an obligation that is owed by the principal to a third party.”). Because a surety’s liability is derivative, it ordinarily does not exceed that of the principal, see Travelers Cas. & Sur. Co. of Am. v. Ark. State Highway Comm’n, 353 Ark. 721, 729, 120 S.W.3d 50, 54 (2003), and generally, a surety may invoke all defenses available to the principal, see Restatement (Third) of Suretyship & Guar. § 34 (1996); see also Berman v. Shelby, 93 Ark. 472, 477, 125 S.W. 124, 126 (1910) (recognizing that if a principal has a complete defense to a claim, the surety is discharged). Finally, in a surety-ship, the principal’s contract and the bond or undertaking of the surety are to be construed together as one instrument. F & M, 316 Ark. at 65, 871 S.W.2d at 341. The bond in this case states as follows: MECHANIC’S LIEN RELEASE BOND _LyKNOW ALL MEN BY THESE PRESENTS: That we, Boyd Corley Construction, LLC (name of principal) and Travelers Casualty and Surety Company of America (name of surety), organized under the laws of the State of Connecticut authorized to transact surety business in the State of Arkansas as Surety, are held and-firmly bound unto Sweet’s Contracting, Inc. (lien claimant) ... herein after known as Claimant in the sum of §116,319.86 DOLLARS lawful money of the United States of America, for the payment of which, well and truly made, we bind ourselves, our heirs, legal representatives, successors and assigns, jointly and severally firmly by these presents; Whereas, the Principal entered into a contract with Claimant under which Claimant agreed to perform construction services (state terms of contract) at the Walgreens — Batesville, AR project; Whereas, Claimant has filed a lien in the amount of $73,171.93 against that property as security for alleged labor and materials in connection with construction services (nature of claimant’s job) and that claim was recorded at Book (or Reel) 2009, Page (or image) 769, Official Records of Independence County, Arkansas; Whereas, the principals dispute the correctness of this claim; and Whereas, that lien is released in accordance with Section 18-44-101 et seq. of the Civil Code of the State of Arkansas; Now, therefore, if the principal shall pay or cause to be paid any sum which the Claimant may recover on the claim together with the Claimant’s cost of suit in the action in the event of recovery of the suit, then this obligation shall be voided; otherwise, it shall remain in full force and effect. The bond references the subcontract between BCC and SCI. Under the terms of the subcontract, BCC and SCI agreed that BCC would pay SCI for performance of “the Work,”[8] if the owner paid BCC for SCI’s performance of the Work. Travelers’ obligation |19on the bond was coextensive with and measured by the promises of BCC to SCI contained in the subcontract. See Fausett Builders, 220 Ark. at 306, 247 S.W.2d at 472. In other words, Travelers, by the bond, bound itself only to the performance of the acts that BCC had promised to perform as part of the subcontract. See id., 247 S.W.2d at 472. BCC agreed in the subcontract to pay SCI if the owner paid BCC for SCI’s work. Because the owner did not pay BCC for SCI’s work, BCC was entitled to invoke the pay-if-paid clause as a defense. Travelers, as BCC’s surety, was entitled to invoke the same defense. Still, SCI contends that, even if the pay-if-paid clause allowed BCC to avoid liability, the clause does not absolve Travelers because Travelers had an independent obligation to SCI under the surety bond issued pursuant to the materialmen’s lien statute. We disagree. Here, SCI filed a materialmen’s lien against the Walgreens project, BCC filed a bond in contest of the lien, and Travelers issued a lien-release bond as surety on behalf of BCC. If the bond is filed and approved by the circuit clerk, and the claimant, after notice, does not question its sufficiency or form, the lien is discharged and the claimant shall have recourse only against the principal and surety upon the bond. See Calton Props., Inc. v. Ken’s Discount Bldg. Materials, Inc., 282 Ark. 521, 522-23, 669 S.W.2d 469, 470 (1984); Ark.Code Ann. § 18-44-118(b). If an action to enforce the lien is filed within the time prescribed for enforcement of a lien against the surety, “the surety shall be liable in like manner as the | ^principal.” Id. § 18 — 14—118(c)(2) (emphasis added). Thus, consistent with well-settled tenets of surety law, under the statute, Travelers, the surety, was liable in like manner as BCC, the principal. Because BCC was not liable, then it follows that Travelers was not liable. We hold that the circuit court erred in denying Travelers’ motion for directed verdict. III. Attorney’s Fees Because we have concluded that the circuit court erred in denying Travelers’ motion for directed verdict, SCI is no longer the prevailing party and is not entitled to attorney’s fees under either the subcontract or Arkansas Code Annotated section 16-22-308 (Repl.1999), the attorney-fee statute, see, e.g., Riceland Foods, Inc., 2009 Ark. 520, at 14-15, 357 S.W.3d 434, 443, and it is not the “successful party” entitled to attorney’s fees under Arkansas Code Annotated section 18-44-128 (Supp. 2013) of the materialmen’s lien statute. Accordingly, we reverse the award of attorney’s fees to SCI. Finally, we turn to BCC’s argument on attorney’s fees. Following the circuit court’s grant of a directed verdict in favor of BCC, BCC filed a motion for attorney’s fees, arguing that, pursuant to both the attorney-fee statute and the terms of the subcontract, BCC was entitled to attorney’s fees and costs as the prevailing party on SCI’s breach-of-contract claim. In its order denying BCC’s motion for attorney’s fees, the circuit court found that BCC was not the prevailing party and, that, “even if BCC was the prevailing party, the court would not award fees to it because of its failure to assert the ‘pay-if-paid’ clause early in the process which caused them to run up a bunch of attorney’s fees; and that it would be unconscionable to reward it for that conduct.” BCC challenges the ruling that it was not the prevailing party, l^but it does not challenge the alternative, independent ruling that it should not be awarded attorney’s fees due to its conduct in the case. When a circuit court bases its decision on two independent grounds and the appellant challenges only one of those grounds on appeal, this court will affirm without addressing either. E.g., Coleman v. Regions Bank, 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005). Affirmed in part, reversed in part on direct appeal; affirmed in part, reversed in part on cross-appeal. BAKER and HART, JJ., dissent. . At trial, stipulations of the parties were read to the jury: The original subcontract price between BCC, the general contractor for the project, and SCI, a subcontractor, was in the amount of $276,419. In addition, the parties agree that the amount of $13,160 for rock excavation was approved and added to the contract price for a total agreed upon amount of $289,579. SCI has been paid a total of $236,675.90 by BCC. BCC approved in [sic] SCI did 830 cubic yards of undercutting at a price of $16.48 per yard for a total of $13,648.40 of undercutting. The parties are in disagreement as to whether this amount should be added to the contract price. . There is no dispute that BCC has not been fully paid by the owner for SCI's work. . This appeal was originally filed in the court of appeals. We granted SCI's motion to transfer the appeal to this court pursuant to Arkansas Supreme Court Rule 1 — 2(d) (2014). . At trial, Chuck Sweet, President of SCI, testified that he knew the pay-if-paid clause was in the subcontract and that he agreed to that provision when he signed the subcontract. . Although SCI contends on appeal that, pursuant to both Rule 8(c) and 9(c), BCC waived its right to raise the pay-if-paid clause as a defense, at trial, SCI’s argument was based solely on Rule 8(c). SCI did not argue at trial, as it does now, that BCC was required to plead the pay-if-paid clause as an unfulfilled condition precedent under Rule 9(c). A party is bound by the nature and scope of the arguments made at trial and may not enlarge or change those grounds on appeal. See, e.g., Yant v. Woods, 353 Ark. 786, 794, 120 S.W.3d 574, 579 (2003). A challenge to the pay-if-paid clause under Rule 9(c) is not preserved for our review. . Under Rule 8(c), "an affirmative defense must be set forth in the defendant’s responsive pleading.” Poff v. Brown, 374 Ark. 453, 454, 288 S.W.3d 620, 622 (2008). Although Rule 8(c) lists a number of affirmative defenses, "the list is not exhaustive and includes 'any matter constituting an avoidance or affirmative defense.'" Id., 188 S.W.3d at 622 (quoting Ark. R. Civ. P. 8(c)). Defenses under Rule 8(c) must be specifically pled to be considered by the circuit court, and the failure to plead an affirmative defense can result in the waiver and exclusion of the defense from the case. See, e.g., Felton v. Rebsamen Med. Ctr., 373 Ark. 472, 480, 284 S.W.3d 486, 492 (2008). . We note that Travelers renewed its directed-verdict motion, on all grounds, at the close of all evidence. . Pursuant to Article 3 of the subcontract, the Work “comprises the construction required by the Contract Documents and includes all labor necessary to produce such construction, and all materials and equipment supervision incorporated in such construction.” Generally, SCI was to "[p]rovide labor, material, and equipment to perform the demolition, excavation, erosion control, storm drainage, and sanitary sewer main scope of work in accordance with the contract documents outlined in accordance with the contract documents.”