Cite as 2020 Ark. App. 375

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-716

| | |
|---|---|
| ARTHUR HARRIS<br><br>APPELLANT<br><br><br>V.<br><br><br><br>PERRY OTIS<br><br>APPELLEE | **Opinion Delivered:** September 2, 2020<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54CV-18-28 ]<br><br>HONORABLE CHALK MITCHELL, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Arthur Harris appeals from the order entered by the Phillips County Circuit Court granting appellee Perry Otis's motion for summary judgment because Harris failed to bring his complaint within the applicable period of time. On appeal, Harris argues that summary judgment was inappropriate because Otis waived the statute-of-limitations defense. We affirm.

This litigation arises out of a motor-vehicle accident that occurred on March 23, 2014. On that day, Harris was a passenger in a car that was struck by Otis's vehicle. Harris alleged that he sustained serious injuries in the accident and that Otis was at fault. He brought suit against Otis on January 30, 2018. The complaint alleged that the date of the accident was March 23, 2015.

Otis filed a pro se answer on February 16, 2018. That answer did not assert the affirmative defense that the complaint was filed after the running of the statute-of-limitations

period. Otis filed an amended answer through counsel on February 4, 2019. That answer included affirmative defenses, including the statute-of-limitations defense. On February 25, Otis moved for summary judgment asserting that the accident had occurred on March 23, 2014, and was barred by the statute of limitations. The motion was unopposed, and the trial court granted the motion on May 23. Harris now timely appeals, arguing that Otis waived the statute-of-limitations defense when he did not raise it in his first answer.

Our standard of review is well settled. A motion for summary judgment should be granted when, in light of the pleadings and other documents before the trial court, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c). When reviewing whether a motion for summary judgment should have been granted, this court determines whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Hill v. Hartness*, 2017 Ark. App. 664, at 4, 536 S.W.3d 649, 651. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007). Summary judgment is proper when the statute of limitations bars an action. *Hartness*, 2017 Ark. App. 664, at 4, 536 S.W.3d at 651.

Harris contends that under Arkansas Rule of Civil Procedure 8(c), Otis was required to set forth the statute-of-limitations defense in his answer. He asserts that Otis did not file an answer that claimed any affirmative defenses; thus, the defense of statute of limitations was waived.

2

While it is true that failure to plead an affirmative defense can result in a waiver and exclusion of the defense from the case, *Poff v. Brown*, 374 Ark. 453, 455, 288 S.W.3d 620, 622 (2008), what Harris's argument fails to do is discuss how Otis's amended answer affects the case at bar. Arkansas allows defendants to amend their answers. Arkansas Rule of Civil procedure 15(a) provides that, with some exceptions not applicable here, "a party may amend his pleadings at any time without leave of the court." Granted, the court does have discretion to strike such an amended pleading or grant a continuance of the proceeding, but only upon the motion of the opposing party and only after the court "determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment." *Id.* Here, Harris made no such motion opposing the amended answer nor did he respond to Otis's motion for summary judgment. We affirm.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.